John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
Paulo L. Sousa (SBN 288705)
Email: psousa@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:     +1 415 543 8700
Facsimile:      +1 415 391 8269

Attorneys for Plaintiff
Informatica Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATICA CORPORATION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PROTEGRITY USA, INC.,<br><br>                    Defendant. | No.: 3:14-cv-00878<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND/OR PATENT INVALIDITY

Plaintiff Informatica Corporation ("Informatica") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement and invalidity of United States Patent Nos. 8,402,281 and 6,321,201.

## THE PARTIES

2. Plaintiff Informatica is a Delaware corporation with its principal place of business located in Redwood City, California.

3. Upon information and belief, Defendant Protegrity USA, Inc. ("Defendant") is a Delaware Corporation with its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 et seq., and 28 U.S.C. §§ 1331, 1338 and 2201-2202.

5. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant has systematic and substantial contacts within the State of California.

6. Upon information and belief, Defendant has engaged in various acts and directed to the State of California, including offering for sale products in California, including at least its Big Data Protector product.

7. Upon information and belief, Defendant also offers for sale products that purportedly allow California customers to comply with California law, including at least California SB 1386.

8. Upon information and belief, Defendant has acquired at least one California headquartered company, including at least Santa Clara, California based OmniSecure Inc.

9. Upon information and belief, Defendant's corporate executives have given presentations in the Northern District of California, including at least participating in a 2011 panel entitled "PCI in the Cloud" which took place in San Jose, California.

10. Upon information and belief, Defendant has done business and entered into strategic partnerships with California based companies, including at least Oracle and Cloudera. Upon further information and belief, Oracle is headquartered in Redwood City, California and Cloudera is headquartered in Palo Alto, California.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) because, *inter alia*, Defendant is subject to personal jurisdiction in this District, Informatica is headquartered in this District, a substantial part of the events giving rise to the claims at issue occurred in this District and key witnesses reside in this District.

**INTRADISTRICT ASSIGMENT**

12. This case is an Intellectual Property Action under Civil Local Rule 3-2(c) and, pursuant to Civil Local Rule 3-5(b), shall be assigned on a district-wide basis.

**CASE AND CONTROVERSY**

13. Informatica is a company headquartered in Redwood City in the San Francisco Bay Area. Informatica is a public company that provides enterprise data integration and data quality management software and services, including (among other products) its Dynamic Data Masking product.

14. On September 25, 2013, Defendant's parent company, Protegrity Corporation ("ProCorp"), filed suit against Informatica alleging infringement of United States Patent Nos. 8,402,281 (the "'281 patent") and 6,321,201 (the "'201 patent") (collectively, the "patents-at-issue"). Defendant is not a party to that action (the "Connecticut Action").

15. In the Connecticut Action, ProCorp alleged that it was the owner of the patents-at-issue. Moreover, on January 23, 2014, Informatica moved to transfer the Connecticut Action to the Northern District of California because, *inter alia*, Connecticut is not ProCorp's forum (instead, ProCorp is a foreign Cayman Islands company) and the hub of the accused activity is located in the Northern District of California.

16. On information and belief, ProCorp recently filed on February 17, 2014 a Motion for Leave to add Defendant as a party-plaintiff in a lawsuit concerning the patents-in-suit which is

related to the Connecticut Action.  *See Protegrity Corp. v. Voltage Security, Inc.*, Case No. 3:10-cv-00755-RNC, Dkt. No. 393 (D. Conn. May 17, 2010).  A true and correct copy of that Motion for Leave to Add Protegrity USA, Inc. as a Party-Plaintiff is attached hereto as **Exhibit A**.

17. In that Motion for Leave to Add Protegrity USA, Inc. as a Party-Plaintiff, ProCorp claimed that Protegrity USA was the effective assignee of the patents-in-suit.  Specifically, ProCorp argued that "an exclusive licensee . . . can also bring suit in its own name if the licensee is effectively an assignee, i.e. it holds all substantial rights in the patent."  Further, ProCorp concluded that "[Protegrity USA, Inc.] is effectively an assignee of the patents-in-suit . . ."

18. The '201 patent is entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level."  According to the face of the '201 patent, it issued on November 20, 2001.  A copy of the '201 patent is attached hereto as **Exhibit B**.

19. The '281 patent is entitled "Data Security System for a Database."  According to the fact of the '281 patent, it issued on March 19, 2013.  A correct copy of the '281 patent is attached hereto as **Exhibit C**.

20. Given that Informatica is currently being sued for infringement of the patents-at-issue in the Connecticut Action by ProCorp and given ProCorp's recent allegation that the assignee holding all substantial rights to the patents-at-issue is actually Defendant (not ProCorp), a justiciable case or controversy exists between Informatica and Defendant regarding the alleged infringement and/or invalidity of the patents-at-issue.

21. In addition, and for the above reasons, Informatica has a reasonable apprehension that Defendant will file a lawsuit against Informatica alleging Informatica's products and/or services, including its Dynamic Data Masking Product, infringe the patents-at-issue because of ProCorp's attempt to add Defendant as a party plaintiff in the related Connecticut Action *Protegrity Corp. v. Voltage Security, Inc.*, Case No. 3:10-cv-00755-RNC.

22. By reason of the foregoing, an actual controversy exists between Informatica and Defendant.

**COUNT ONE**

**(Declaratory Judgment of Non-Infringement of the '201 Patent)**

23. Informatica incorporates and realleges each of the allegations of paragraphs 1-18.

24. Informatica has a reasonable apprehension that Defendant will file a lawsuit against Informatica, including its Dynamic Data Masking product, alleging infringement of the '201 patent.

25. Informatica has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '201 patent.

26. Accordingly, a valid and justiciable controversy has arisen and exists between Informatica and Defendant. Informatica seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that Informatica, including its Dynamic Data Masking product, is not infringing and has not infringed, directly or indirectly, the '201 patent and granting Informatica all other declaratory relief to which it may be entitled.

**COUNT TWO**

**(Declaratory Judgment of Non-Infringement of the '281 Patent)**

27. Informatica incorporates and realleges each of the allegations of paragraphs 1-22.

28. Informatica has a reasonable apprehension that Defendant will file a lawsuit against Informatica, including its Dynamic Data Masking product, alleging infringement of the '281 patent.

29. Informatica has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '281 patent.

30. Accordingly, a valid and justiciable controversy has arisen and exists between Informatica and Defendant. Informatica seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that Informatica, including its Dynamic Data Masking product, is not infringing and has not infringed, directly or indirectly, the '281 patent and granting Informatica all other declaratory relief to which it may be entitled.

**COUNT THREE**

**(Declaratory Judgment of Invalidity of the '201 Patent)**

31. Informatica incorporates and realleges each of the allegations of paragraphs 1-26.

32. Informatica contends that the '201 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

33. An actual and justiciable controversy exists between Informatica and Defendant as to whether the '201 patent is valid.

34. Accordingly, a valid and justiciable controversy has arisen and exists between Informatica and Defendant.  Informatica seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '201 patent are invalid and granting Informatica all other declaratory relief to which it may be entitled.

## COUNT FOUR

### (Declaratory Judgment of Invalidity of the '281 Patent)

35. Informatica incorporates and realleges each of the allegations of paragraphs 1-30.

36. Informatica contends that the '281 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

37. An actual and justiciable controversy exists between Informatica and Defendant as to whether the '281 patent is valid.

38. Accordingly, a valid and justiciable controversy has arisen and exists between Informatica and Defendant.  Informatica seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '281 patent are invalid and granting Informatica all other declaratory relief to which it may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, Informatica prays for the following relief:

A. A declaration that Informatica, including its Dynamic Data Masking product, has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the '201 patent and '281 patent;

B. A declaration that the '201 patent and '281 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

C. Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers, potential customers or users of Informatica's products, including its Dynamic Data Masking product any charge of infringement of the '201 patent and '281 patent;

D. Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against Informatica's products, including its Dynamic Data Masking product or its customers, or users of the Informatica products, for alleged infringement of the '201 patent and '281 patent;

E. Awarding to Informatica its costs and attorneys' fees; and

F. Granting to Informatica such further necessary or proper relief as the Court may deem just.

DATED: February 26, 2014            REED SMITH LLP


By  *John P. Bovich*
    John P. Bovich (SBN 150688)
    Jonah D. Mitchell (SBN 203511)
    Paulo L. Sousa (SBN 288705)

    Attorneys for Plaintiff
    Informatica Corporation

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Informatica demands trial by jury on all such triable issues in this action.

DATED: February 26, 2014     REED SMITH LLP

By  *John P. Bovich*
John P. Bovich (SBN 150688)
Jonah D. Mitchell (SBN 203511)
Paulo L. Sousa (SBN 288705)

Attorneys for Plaintiff
Informatica Corporation